FILED

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

2017 JUN 15 PM 12:56

| | |
|---|---|
| ERI BURUCA and RAMIRO MEJIA, on behalf of themselves and all others similarly situated, | Case No. 6:17-CV-1095-ORL-40-KRS |
| Plaintiffs, | CIVIL ACTION |
| v. | JURY TRIAL DEMANDED |
| TOPBUILD CORP., and BUILDER SERVICES GROUP, INC., | |
| Defendants. | |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Erica Buruca and Ramiro Mejia ("Plaintiffs"), on behalf of themselves and all others similarly situated, for their Complaint against Defendants, state and allege as follows:

1. Defendants employ low-wage workers to install their insulation products ("Installers") across the country in approximately 190 branch offices located in 43 states. Despite regularly working in excess of forty (40) hours per week, Installers are paid less for overtime hours than regular hours due to Defendants' unlawful piece-rate system. Defendants also improperly deduct time from Installers' records to reduce overtime hours.

2. Defendants' improper policies and procedures cause common wage and hour violations for Plaintiffs and similarly situated Installers in Kansas, Florida, and throughout the nation.

3. Plaintiffs bring this lawsuit as a collective action against Defendants under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages on behalf of themselves and all similarly situated Installers at Defendants' approximately 190 branch offices.

1

## Jurisdiction and Venue

4. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims in this case arise from 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants are headquartered within this District, a substantial part of the events giving rise to the claims herein occurred in this District, and Defendants issued their paychecks to Installers from a location within this District.

## Parties

6. Defendant TopBuild Corp. is a Delaware corporation maintaining its principal place of business at 475 North Williamson Boulevard, Daytona Bach, Florida 32114.

7. Defendant Builder Services Group, Inc. is a Florida corporation maintaining its principal place of business at 260 Jimmy Ann Drive, Daytona Beach, Florida 32114.

8. Defendants compromise a single integrated enterprise and jointly operate the chain of approximately 190 office locations as they maintain interrelated operations, centralized control of labor relations, common management, common ownership, and common financial control.

9. Alternatively, Defendants constitute joint employers because they share: (1) the power to hire and fire the plaintiffs, (2) supervision and control of the plaintiffs' conditions of employment, (3) determination of the rate and method of payment, and (4) maintenance of the plaintiffs' employment records.

10. Alternatively, because the work performed by Plaintiffs and all other similarly situated Installers simultaneously benefited all Defendants and/or furthered their joint interests,

Defendants are collectively the joint employers of Plaintiffs and this class of Installers under the FLSA's broad definition of "employer."

11. Plaintiff Eri Buruca was employed by Defendants from approximately 2013 to June 2016 as an Installer at Defendants' facility in Kansas City, Kansas. His Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

12. Plaintiff Ramiro Mejia was employed by Defendants from approximately 2002 to October 2016 as an Installer at Defendants' facility in Kansas City, Kansas. His Consent to Become a Party Plaintiff under 29 U.S.C. § 216(b) is attached hereto as Exhibit B.

## General Allegations

### *Defendants' Business*

13. Defendants jointly own, operate, and conduct business involving insulation installation services from approximately 190 office locations spread throughout 43 states across the country.

14. At each of these locations, Defendants employ Installers that are subject to the same unlawful policies and procedures, including a wage-calculation method that fails to pay Installers an overtime premium for all work in excess of forty (40) hours in a workweek, systematic errors in calculating the proper amount of overtime wages due to Installers under Defendants' company-wide piece-rate system, and miscalculations in overtime wages owed based on the computations listed on paystubs that all Installers regularly receive from Defendants' national headquarters.

### *Defendants' Flawed Piece-Rate Formula*

15. Plaintiffs were employed by Defendants as Installers to provide insulation installation services to Defendants' customers at residential and commercial jobsites.

16. During their employment with Defendants, Plaintiffs regularly worked over forty (40) hours per week.

17. Plaintiffs were involved in the loading, transportation, installation, and unloading of Defendants' insulation products.

18. After being hired, Plaintiffs were paid on an hourly basis by Defendants.

19. Shortly thereafter, Defendants started using a "piece-rate system" to pay Plaintiffs based on the amount of insulation they installed each week.

20. After switching Plaintiffs to the piece-rate system, Defendants frequently required Plaintiffs to work even more hours per week. On average, this ranged from 60 to 80 hours per week

21. Under Defendants' piece-rate system, however, Plaintiffs were not paid the statutorily-required minimum rate of one and one-half times their regular rate of pay for hours worked beyond forty (40) in a workweek.

22. Even if Defendants' piece-rate system complies with the FLSA, Defendants' method for calculating wages due to Installers under their system fails to properly compensate Installers, systematically classifying their overtime wages even after they complete forty (40) hours of work per workweek.

23. Defendants' wage-calculations are also designed to systematically line their pockets while stealing from the employees who need the money the most. Defendants' essentially steal back employees' overtime when they are not looking. This has enabled Defendants to siphon hundreds of thousands of dollars from its national workforce of Installers.

24. Defendants' piece-rate system relies on a complex series of numeric codes and abbreviations that masked their unlawful payroll practices on a company-wide basis from unsuspecting low-wage employees who needed every dollar of their paycheck.

25. For example, both Mr. Buruca and Mr. Mejia were typically paid weekly under Defendants' piece-rate system. As demonstrated by a sample payroll summary for Mr. Buruca, and confirmed from payroll data for Installers in other states, Defendants failed to pay overtime premiums immediately after Mr. Buruca worked forty (40) hours during a workweek.

26. Defendants also improperly shave Installers' regular rate, further reducing their overtime premiums, as demonstrated by Mr. Buruca's payroll summary below. Ultimately, by pocketing extra minutes as regular time and then shaving down the Installers' regular and overtime base rates, Defendants' pocketed statutorily required wages owed to Mr. Buruca in a single check— representing a company-wide practice that takes hundreds of thousands of dollars from Defendants' Installers each year. These violations are illustrated on the face of Mr. Buruca's paystub from the week of October 26, 2015, as seen in this segment:

| Earnings | Rate | Hours | This Period | Year-to-Date |
|---|---|---|---|---|
| Regular | | 40.01 | 1464.45 | 36701.24 |
| Overtime | | 7.33 | 249.84 | 3530.38 |
| Overtime Res | | 13.73 | | 0.00 |
| Holiday | | 0.00 | | 769.92 |
| Retro Regula | | 0.00 | | 65.29 |
| Gross Pay | | 61.07 | 1714.29 | 41066.83 |

27. Defendants' centralized calculation system also fails to pay Installers any overtime premium whenever Installers are paid on a straight hourly basis for a particular workweek instead of under Defendants' piece-rate system. For example, Plaintiff Mejia was typically paid on a piece-rate basis, but would occasionally be paid as an hourly employee during a particular

5

week. This was common among Installers. Defendants' company-wide payroll practices, however, violated the FLSA under both the piece-rate and straight-hourly systems.

28. For example, Mr. Mejia's payroll data for the week of May 23, 2016 to May 29, 2016 shows that Defendants paid Mr. Mejia on an hourly basis for that particular week, yet Defendants improperly listed 55.44 hours under his regular rate (instead of 40.00 as required by the FLSA), and also failed to pay Mr. Mejia any overtime premium whatsoever for 19.46 hours of work performed in excess of forty (40) hours in the workweek. Mr. Mejia's relevant paystub segment for this week is provided here:

| Earnings | Rate | Hours | This Period | Year-to-Date |
| --- | --- | --- | --- | --- |
| Regular | 21.4400 | 55.44 | 1188.49 | 18556.84 |
| Overtime | | 0.00 | 43.05 | 1007.89 |
| Overtime | 21.4400 | 2.02 | 43.24 | 0.00 |
| Overtime Res | 21.4400 | 2.00 | 42.88 | 42.88 |
| Bereavement | | 0.00 | | 514.56 |
| Holiday | | 0.00 | | 171.52 |
| Overtime Com | | 0.00 | | 0.00 |
| Gross Pay | | 59.46 | 1317.66 | 20291.69 |

29. Defendants rely on the same flawed policy and methodology with respect to installers at their branch locations throughout the nation. Regardless of differences in weekly pay amounts or locations, the insufficient amount of overtime wages is relatively consistent throughout Defendants' locations for insulation installers paid under Defendants' piece-rate system.

30. Defendants' low overtime rates were a complaint of at least some of Defendants' insulation Installers, including Plaintiffs, yet Defendants continued to utilize a flawed piece-rate formula that stripped installers of proper overtime wages.

31. Moreover, payroll data from other Installers employed at Defendants' facilities in other states confirms the company-wide compensation practices, calculation system, and violations at issue in this matter.

6

32. The net effect of Defendants' flawed overtime formula and payment practices is that they willfully fail to pay Installers for overtime wages. Defendants reap extra profits at the expense of employees working long hours for less pay.

**Collective Action Allegations**

33. Plaintiffs bring this FLSA claim as an "opt-in" collective action on behalf of similarly situated insulation installers pursuant to 29 U.S.C. § 216(b).

34. The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

35. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to pay employees proper overtime premiums as required by 29 U.S.C. § 207.

36. Plaintiffs are and were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

37. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential opt-in plaintiffs may be notified of the pendency of this action via mail.

38. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records to ensure proper compensation for all hours worked by insulation installers as mandated by the FLSA.

39. Plaintiffs and all of Defendants' insulation installers are similarly situated in that:

    a. They have worked for Defendants providing insulation services to Defendants' customers;

b.  They were subject to similar job requirements and working conditions;

c.  They were subject to the same pay policies and practices of Defendants;

d.  Their pay was computed under the same piece-rate formula created and administered by Defendants;

e.  They received inadequate overtime premiums for hours worked beyond forty (40) in a workweek when paid under Defendants' piece-rate system;

f.  They received their paychecks from a central office located at 260 Jimmy Ann Drive, Daytona Beach, Florida 32114; and,

g.  They received the same weekly earnings form that failed to display the time Defendants' improperly deducted from their weekly hours.

## Count I: Violation of the Fair Labor Standards Act of 1938

40. Plaintiffs reassert and re-allege the allegations set forth above.

41. The FLSA regulates, among other things, the minimum payment and calculation method for overtime wages by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

42. Defendants are subject to the FLSA's overtime requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in commerce. Defendants are also subject to the FLSA's requirements because Defendants have annual gross revenues in excess of $500,000.

43. At all relevant times herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

44. During the relevant period, Defendants violated the FLSA by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

45. Plaintiffs were entitled to be paid at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

46. Defendants did not explain the piece-rate system and underlying payment formula sufficiently to insulation installers to create an agreement regarding compensation terms before the installers performed work that Defendants subjected to the piece-rate system.

47. Defendants' piece-rate system failed to provide the minimum overtime premium under 29 U.S.C. § 207 of half the regular rate of pay for installers performing the same work after exceeding forty (40) hours in a workweek.

48. Defendants' piece-rate formula is and was flawed in computing overtime wages for installers employed at Defendants' branches throughout the nation because the calculated overtime premium fails to provide one-half of the regular rate of pay for insulation installers performing the same tasks when working more than forty (40) hours a week, which is required under 29 U.S.C. § 207.

49. Without a valid piece-rate system that complies with the requirements of 29 U.S.C. § 207(g), Defendants must pay installers an overtime premium of one and one-half times the regular rate for work in excess of forty (40) hours instead of the one-half premium permitted under a valid piece-rate system.

50. Defendants' hidden deductions from the weekly hours worked by insulation installers are also improper and constitute unpaid overtime for installers who worked an excess of forty (40) hours in a workweek. Plaintiffs and all insulation installers are entitled to one and one-half times the regular rate of pay for all time that Defendants' improperly deducted from employees' weekly total of hours worked.

51. Defendants' failure to maintain proper time records for insulation installers makes the actual compensation calculated under its piece-rate system different from any terms initially accepted or understood by any of its insulation installers. Improper time deductions and inadequate recordkeeping prevent proper calculation under any legitimate piece-rate system by failing to compensate employees for all hours worked as required by the FLSA.

52. Plaintiffs are entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

53. Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of the aforesaid willful violations of the FLSA's overtime provisions, Defendants have unlawfully withheld compensation from Plaintiffs and all similarly situated installers. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiffs and all similarly situated delivery drivers demand judgment against Defendants and request: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Demand for Jury Trial**

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Respectfully submitted,

Alan D. Danz (FL Bar #948934)
DANZ & KRONENGOLD, P.L.
10620 Griffin Road, Suite 201
Cooper City, Florida 33328
Telephone: (954) 530-9245
Facsimile: (954) 616-5738
danz@danzlaw.net